T.C. Summary Opinion 2007-156

UNITED STATES TAX COURT

MEHRDAD HAMZEYE LANGROUDI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9489-06S.                    Filed September 5, 2007.

Mehrdad Hamzeye Langroudi, pro se.

James H. Harris, Jr., for respondent.

RUWE, Judge:  This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income taxes and accuracy-related penalties under section 6662(a) as follows:[2]

| Year | Deficiency | Accuracy-related Penalty Sec. 6662(a) |
|------|-----------|---------------------------------------|
| 2002 | $7,165 | $1,433.00 |
| 2003 | 11,846 | 2,369.20 |

After concessions,[3] the issues we must decide are:  Whether petitioner's wage income from residencies in anesthesiology in 2002 and 2003 was exempt from Federal income tax pursuant to the tax convention between the United States and Belgium (the treaty) and whether petitioner is liable for accuracy-related penalties under section 6662(a).

---

[2] Respondent subsequently issued a Form 4549, Supplement to the Notice of Deficiency (supplement), which reflects a reduction in the determined 2002 and 2003 to $6,625 and $9,071, respectively.  As a result of the reduced deficiency determinations, the supplement reduces the determined 2002 and 2003 penalties to $1,325 and $1,814.20, respectively.

[3] The parties stipulated that petitioner received unreported dividend and interest income in 2002 and 2003.  Anesthesiology Associates of Boro Park, L.L.P., paid petitioner $5,700 in miscellaneous income during 2003.  As a result, respondent determined that petitioner was liable for self-employment tax. Petitioner did not dispute respondent's determination that he was liable for self-employment tax on nonemployee compensation in 2003.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was filed, petitioner resided in Newport News, Virginia.[4] Petitioner is a citizen of the Kingdom of Belgium (Belgium); however, he has resided in the United States from June of 2001 through the present.

On July 1, 2001, petitioner began a 1-year residency in internal medicine at Fairview Hospital, a Cleveland Clinic hospital, and he completed it on June 30, 2002. Fairview Hospital paid petitioner wages of $19,995.90 in 2002.

Petitioner began a residency in anesthesiology at Maimonides Medical Center on July 1, 2002, and he completed it on June 30, 2005. Maimonides Medical Center paid petitioner wages of $23,726.77 in 2002 and $49,033.12 in 2003. In addition, University Group Medical Associates paid petitioner wages of $10,290 in 2003.

Petitioner filed a 2002 Form 1040NR, U.S. Nonresident Alien Income Tax Return, in which he reported wages of $43,721 as "income exempt by a treaty". On his return, petitioner listed his occupation in the United States as "Anesthesia Trainee". Respondent subsequently requested that petitioner provide

_____

[4] Petitioner resided in New Jersey at the time of trial.

information concerning his claim that his income was exempt from Federal income tax. In response, petitioner submitted a second 2002 Form 1040NR and attached a photocopied article regarding the treaty that exempts particular Belgian residents, who are temporarily in the United States, from U.S. income tax in certain circumstances. On this second Form 1040NR, petitioner listed his occupation in the United States as "Anesthesia trainee in training".

Petitioner filed a 2003 Form 1040NR in which he reported wages of $59,323 and miscellaneous income of $5,700 as "income exempt by a treaty". He listed his occupation in the United States as "Anesthesia Trinee [sic]".

On February 22, 2006, respondent issued to petitioner a notice of deficiency for the 2002 and 2003 tax years in which he explained that "Maimonides Medical Center and Fairview Hospital are not universities or other 'recognized educational institution(s).' The income you received is not exempt from U.S. income tax under Article 20 of the income tax treaty between Belgium and the United States." Respondent issued to petitioner a Form 4549, Supplement to the Notice of Deficiency (supplement), asserting adjustments that decreased petitioner's deficiencies and section 6662(a) penalties from what was determined in the notice of deficiency. In the supplement, and pursuant to article 21 of the treaty, respondent asserted that the first $2,000 of

petitioner's earned income for 2002 and 2003 is exempt from U.S. income tax.  The supplement also explains the reason for respondent's determination regarding petitioner's claim that all of his wages were exempt from income tax.  In the supplement, respondent states:

> Article 20 of the treaty between the United States and Belgium allows residents of Belgium to exempt from United States taxation income received for the primary purpose of teaching or engaging in research, or both, from a university or other recognized educational institution for a period of 2 years from the date of arrival if invited by the United States Government or of a university or other recognized educational institution.
>
> You did not show that you were invited to work for the primary purpose of teaching or research.  You stated on your 2002 income tax return that your occupation was 'Anesthesia Trainee', and that your purpose for coming to the United States was for 'Training (Medical Specialty) [sic].  On May 30, 2003 we received your signed response to our request for additional information regarding your 2002 claim for treaty benefits.  Your response included a work phone number at Maimonides Medical Center for Resident Training, which shows that you were still in residency training as of that date.  That shows that you were not in the United States for the primary purpose of teaching or research in 2003.  The certificates you provided from Fairview Hospital and Maimonides Medical Center show that you were in the United States as a resident in Internal Medicine and Anesthesiology, which means your primary purpose was residency, not teaching or research.
>
> Based on the above facts, the income you received is not exempt from U.S. income tax under Article 20 of the income tax treaty between Belgium and the United States.
>
> Article 21 of the treaty allows you to exempt up to $2000 of earned income per year for the first five tax years you are present in the US for training if you

were a resident of Belgium prior to coming to the US. Since you meet those requirements, the first $2000 of your earned income for 2002 and 2003 is exempt from US income tax, as shown above.

Petitioner timely filed a petition with this Court.

## Discussion

Petitioner argues that all of his 2002 and 2003 wage income from his residencies at Fairview Hospital and Maimonides Medical Center is exempt from taxation pursuant to article 20 of the treaty. Articles 20 and 21 of the treaty provide:

Article 20
TEACHERS

(1) An individual who is a resident of one of the Contracting States at the time he becomes temporarily present in the other Contracting State and who, at the invitation of the Government of that other Contracting State or of a university or other recognized educational institution in that other Contracting State is temporarily present in that other Contracting State for the primary purpose of teaching or engaging in research, or both, at a university or other recognized educational institution shall be exempt from tax by that other Contracting State on his income from personal services for teaching or research at such university or educational institution, for a period not exceeding 2 years from the date of his arrival in that other Contracting State.

(2) This article shall not apply to income from research if such research is undertaken not in the public interest but primarily for the private benefit of a specific person or persons.

Article 21
STUDENTS AND TEACHERS

(1)(a) An individual who is a resident of one of the Contracting States at the time he becomes temporarily present in the other Contracting State and

who is temporarily present in that other Contracting State for the primary purpose of:

 (i) Studying at a university or other recognized educational institution in that other Contracting State, or

 (ii) Securing training required to qualify him to practice a profession or professional specialty, or

 (iii) Studying or doing research as a recipient of a grant, allowance, or award from a governmental, religious, charitable, scientific, literary, or educational organization,

shall be exempt from tax by that other Contracting State with respect to amounts described in subparagraph (b) for a period not exceeding 5 taxable years from the date of his arrival in that other Contracting State.

 (b) The amounts referred to in subparagraph (a) are:

 (i) Gifts from abroad for the purpose of his maintenance, education, study, research, or training;

 (ii) The grant, allowance, or award; and

 (iii) Income from personal services performed in that other Contracting State in an amount not in excess of 2,000 United States dollars or its equivalent in Belgian francs for any taxable year.

Convention for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, U.S.-Belg., arts. 20-21, July 9, 1970, 23 U.S.T. 2687.

In order to meet the requirements of article 20 of the treaty, petitioner would have to be "temporarily present in * * * [the U.S.] for the primary purpose of teaching or engaging in research". Petitioner argues that he accepted his residencies

because he was offered the opportunity to research, teach, and receive additional training in a subspecialty that he considered important and useful.

At trial, respondent called Dr. Ketan Shevde, who was chairman of anesthesia at Maimonides Medical Center in 2002 and 2003, to testify as to the primary purpose of petitioner's residency. Dr. Shevde testified as follows:

> [Respondent's Counsel]: What was the petitioner hired to do while at Maimonides?
>
> [Dr. Shevde]: He was hired to do training in anesthesiology for three years.
>
> Q: Did you hire the petitioner, or did Maimonides hire the petitioner as a teacher?
>
> A: No
>
> Q: Did they hire the petitioner as a researcher?
>
> A: No.

Dr. Shevde went on to say that, although teaching and research are part of a resident's function, the "emphasis really is on teaching residents how to give anesthesia and to become anesthesiologists at the end of the training." Finally, Dr. Shevde summarized his testimony by stating as follows:

> The primary purpose [of a residency in anesthesiology] is to train residents to give anesthesia, and to become consultants in anesthesiology, and to pass the boards that are given by the American Board of Anesthesiology at the end of their training.

That includes some amount of research, and it also includes some amount of teaching, but those are minor roles compared to the major role, which is that of becoming an anesthesiologist.

Dr. Shevde's testimony clearly demonstrates that the primary purpose of petitioner's residency was to train in anesthesiology, rather than to teach or to perform research. Petitioner, himself, listed his occupation as an Anesthesia Trainee on all three of the tax returns filed for 2002 and 2003. Given petitioner's testimony that both Fairview Hospital and Maimonides Medical Center were "basically and fundamentally * * * no different" from each other with respect to achieving objectives for themselves, residents, teachers, and researchers, it is clear that article 20 of the treaty is inapplicable to petitioner's residencies.[5]

With respect to the accuracy-related penalty under section 6662(a), the Commissioner has the burden of production. Sec. 7491(c). To prevail, the Commissioner must produce sufficient evidence that it is appropriate to apply the penalty to the taxpayer. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden of production, the

---

[5] As previously explained, the deficiencies for which respondent argues, and the basis for respondent's determinations were not fully set forth until respondent supplemented his notice of deficiency. Since the evidence presented by the parties clearly establishes that the primary purpose of petitioner's residencies was to train in anesthesiology, we have no reason to decide which party would bear the burden of proof.

taxpayer bears the burden of supplying sufficient evidence to persuade the Court that the Commissioner's determination is incorrect.  Id. at 447.

Section 6662(a) provides an accuracy-related penalty equal to 20 percent of the underpayment required to be shown on a return due to negligence or disregard of rules or regulations. Sec. 6662(b)(1).  For purposes of section 6662, the term "negligence" includes "any failure to make a reasonable attempt to comply with the provisions of * * * [the Code], and the term 'disregard' includes any careless, reckless, or intentional disregard."  Sec. 6662(c).  "Negligence" also includes any failure by a taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b), Income Tax Regs.

An accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1); see Higbee v. Commissioner, supra at 448.  This determination is made based on all the relevant facts and circumstances.  Higbee v. Commissioner, supra at 448; sec. 1.6664-4(b)(1), Income Tax Regs. "Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith reliance on the advice of a professional such as an accountant."  Higbee v. Commissioner, supra at 448-449.

Petitioner filed his 2002 and 2003 income tax returns and reported all of his income from wages.  At the time of filing, petitioner was new to this country and unfamiliar with the U.S. tax system, let alone the intricacies of the tax convention between the United States and Belgium.  Even respondent had difficulty applying the treaty to petitioner's situation, as evidenced by the necessity of issuing a supplement to his original notice of deficiency.  We hold that petitioner is not liable for the accuracy-related penalties under section 6662.

To reflect the foregoing,

Decision will be entered under Rule 155.